UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY HANNAH | ) | |
| 2691 Shreve Road | ) | |
| Wooster, Ohio  44691 | ) | CASE NO. |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| H.A.D, INC. | ) | |
| c/o its registered agent | ) | |
| JOHN HATFIELD | ) | |
| 9938 COAL BANK ROAD | ) | **PLAINTIFF'S CLASS AND** |
| MARSHALLILLE, OHIO  44645 | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Jeremy Hanna, by and through counsel, for his Class and Collective

Action Complaint against Defendant H.A.D., Inc., states and alleges the following:

**INTRODUCTION**

1.      This case challenges policies and practices of Defendant that violated the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime

compensation statute, Ohio Rev. Code Ann. § 4111.03.

2.      Plaintiff brings this case as an FLSA "collective action" pursuant to 29

U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by

the FLSA "may be maintained against any employer … by any one or more employees

1

for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

3.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

<u>JURISDICTION AND VENUE</u>

4.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.    This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

<u>PARTIES</u>

7.    At all times relevant, Plaintiff was a citizen of the United States. From July 2011 to December 2013, Plaintiff worked for Defendant as a Rig-Hand. From December 2013 to March 2015, Plaintiff worked for Defendant as a Driller.

8.    As a Driller, Plaintiff worked at various locations in Ohio, including but not limited to, Belmont County, Ohio. Plaintiff also worked in West Virginia and Pennsylvania.

9.    Defendant is a corporation formed under the laws of the State of Ohio.  It has appointed John Hatfield, 9938 Coal Bank Road, Marshallville, Ohio  44645, as its statutory agent for service of process.

10.    Defendant's principal place of business is located at 9797 Benner Road, Rittman, Ohio  44720.

## FACTUAL ALLEGATIONS

### Defendant's Status As an "Employer"

11.    At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

12.    Defendant's non-exempt employees included Plaintiffs, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class.

13.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendant's Business

14.    According to its website, Defendant is a drilling company that provides services to the environmental, gas, oil and water industries.

15.    Defendant provides its services in several locations throughout the country, including Ohio, West Virginia, and Pennsylvania.

3

**Non-Exempt Employees'**

16.    Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class are current or former non-exempt employees of Defendant who were paid on a day-rate basis and not paid overtime for all hours worked in excess of forty (40) in one workweek.

17.    Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and Ohio wage-and-hour statutes.

**Defendant's Failure to Pay Overtime Compensation**

18.    The FLSA and Ohio law required Defendant to pay overtime compensation to its non-exempt employees who were paid on a day-rate basis.

19.    Defendant unlawfully failed to pay overtime compensation to its non-exempt employees who were paid on a day-rate basis.

20.    Defendant knew, or showed reckless disregard for whether, Plaintiff, the Potential Opt-Ins, and the Ohio Class, were entitled to overtime pay under state and/or federal law.

**COLLECTIVE ACTION ALLEGATIONS**

21.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22.    Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by

the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

23. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former non-exempt employees of Defendant during the period three years preceding the commencement of this action to the present who were paid on a day-rate basis and not paid overtime for all hours worked in excess of forty (40) in one workweek.

24. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime for hours worked in excess of forty (40) in one, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

25. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

26. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

<u>CLASS ACTION ALLEGATIONS</u>

27.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former non-exempt employees of Defendant in Ohio during the period two years preceding the commencement of this action to the present who were paid on a day-rate basis and not paid overtime for all hours worked in excess of forty (40) in one workweek.

29.    The Ohio Class is so numerous that joinder of all class members is impracticable.  Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

30.    There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them?

> Whether Defendant's failure to pay Plaintiff and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?

> Whether Defendant kept adequate records of the hours worked by Plaintiff and the other class members?

31.    Plaintiff's claims are typical of the claims of other members of the Ohio Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

32.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

33.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

34.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

35.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed herewith.

37.     The FLSA requires that non-exempt employees paid on a day-rate basis receive overtime compensation equal to half of his regular rate for all hours worked in excess of forty (40) in the workweek.  29 C.F.R. § 778.112.

38.     Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

39.     Defendant failed to pay the overtime compensation to Plaintiff and the Potential Opt-Ins.

40.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

41.     As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated

damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## <u>COUNT TWO</u>
### (Ohio Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

44. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

45. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime to its non-exempt employees that were paid on a day-rate basis.

46. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

47. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the

overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.   Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.   Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.   Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.   Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E.   Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,


s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Nilges Draher, LLC
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio  44718
330-470-4428
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com


s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com


## JURY DEMAND


Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ Hans A. Nilges