# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio, Eastern Division, Hon. Michael H. Watson, U.S. District Judge, presiding ("District Court"), Plaintiffs Jeremy Hannah and Kip Green, individually and on behalf of the Settlement Class, and Defendant H.A.D., Inc. ("H.A.D."), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio, Eastern Division entitled *Jeremy Hannah, et al. v. H.A.D., Inc.*, Case No. 2:15-cv-933.

2. "Representative Plaintiffs" or "Plaintiffs" shall mean Jeremy Hannah and Kip Green.

3. "Defendant" or "H.A.D." shall mean H.A.D., Inc., and all of its former, current and respective officers, directors, employees, agents, attorneys, insurers, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Settlement Class" or "Class Members" shall consist of Representative Plaintiffs Jeremy Hannah and Kip Green, the "Existing Opt-In Party Plaintiffs," and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms.

5. "Existing Opt-In Party Plaintiffs" consist of the 25 employees identified in Appendix 1 who have already joined the case, and who are current and former non-exempt employees of Defendant who were paid on what Defendant referred to as a day-rate basis and allegedly were not paid overtime compensation for the hours they worked over forty (40) in one or more workweeks between May 21, 2012 and May 22, 2015.

6. "Eligible Settlement Participants" consist of the 104 employees identified in Appendix 2 who have not already joined the case, and who are current and former non-exempt employees of Defendant who were paid on what Defendant referred to as a day-rate basis and allegedly were not paid overtime compensation for the hours they worked over forty (40) in one or more workweeks between May 21, 2012 and May 22, 2015.

7. "Parties" shall mean the Representative Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

8. "Plaintiffs' Counsel" are Anthony J. Lazzaro and Chastity L. Christy of The Lazzaro Law Firm, LLC, Hans A. Nilges and Shannon M. Draher of Nilges Draher, LLC, and Thomas A. Downie. "Defendant's Counsel" are Michele L. Jakubs and Drew C. Piersall of Zashin & Rich Co., LPA.

**Exhibit A**

9.      "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10.     On March 14, 2015, Plaintiff Jeremy Hannah commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.  On March 28, 2015, Plaintiffs Jeremy Hannah and Kip Green filed an Amended Class and Collective Action Complaint.

11.     In the Action, Plaintiffs alleged that Defendant failed to pay employees, who were paid on a day-rate basis, compensation for the hours they worked over forty (40) in one or more workweeks between May 21, 2012 and May 22, 2015, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

12.     Defendant answered the amended complaint and denied any liability or wrongdoing of any kind.

13.     Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment.  Defendant denies these allegations.

14.     Between September 2015 and January 2016 the Parties engaged in informal yet comprehensive discovery regarding Plaintiffs' claims and Defendant's defenses to such claims.

15.     On January 18, 2016, the Parties attended a mediation with Jerry Weiss of Mediation Inc. in Cleveland, Ohio and reached an agreement to settle the Action on the terms set forth in this Settlement Agreement.

16.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

17.     Plaintiffs' Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses.  Defendant agrees that the Settlement is fair, adequate and reasonable.

18.     This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has any liability to Plaintiff on those claims.

## SETTLEMENT PAYMENTS

19. **Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), which sum will cover: (a) all of the Individual Payments to the Settlement Class; (b) Representative Plaintiffs' Class Representative Payments; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

20. **Settlement Payments to Class Members:** Eight Hundred Three Thousand Four Hundred Fifteen Dollars and Forty Two Cents ($803,415.42) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Settlement Class.

21. **Calculation of Individual Payments:** The Individual Payments, after deduction of the Class Representative Payments and Plaintiffs' Counsel's attorneys' fees and expenses from the Total Eligible Settlement Amount, were calculated by Plaintiffs' Counsel and approved by Defendant, and are based proportionally on each Representative Plaintiff's, each Existing Opt-In Party Plaintiff's, and each Eligible Settlement Participant's alleged overtime damages during the Calculation Period. In addition, any Class Members allegedly owed less than $100.00 will receive a $100.00 minimum payment. The Individual Payments are provided in Appendices 1 and 2.

22. **Calculation Period:** The Calculation Period for Plaintiff and the Class shall mean the three-year period between May 21, 2012 and May 22, 2015.

23. **Retention of Individual Payments to Non-Participants:** Any Individual Payments to Non-Participants will be retained by Defendant.

24. **Treatment of Individual Payments:** One half of each Class Member's Individual Payment will be treated as payment for wages, and the other half as payment for statutory damages. Defendant will issue to each Class Member an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc. for all amounts paid as statutory damages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Class Member's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes required by law. The Class Members agree to pay all taxes, if any, which may be deemed owing on any 1099-Misc. payments under this Agreement.

25. **Class Representative Payments:** Twenty Five Thousand Dollars ($25,000.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiffs as Class Representative Payments ($5,000.00 to the Estate of Jeremy Hannah and $20,000.00 to Kip Green), in addition to their Individual Payments, in exchange for signing a general mutual release of all claims (proposed and attached as Exhibit C to the Parties' Joint Motion For Approval of Settlement), including all pending claims, against Defendant. Defendant will issue to Representative Plaintiffs Forms 1099 with respect to the Class Representative Payments.

26. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Four Hundred Twenty One Thousand Five Hundred Eighty Four Dollars and Fifty Eight Cents ($421,584.58) of the

Total Eligible Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($416,666.64 in fees and $4,917.94 in expenses) incurred in the Action. Of this amount, $141,347.85 will be paid to The Lazzaro Law Firm, LLC, $141,347.85 will be paid to Nilges Draher, LLC, and $138,888.88 will be paid to Thomas A. Downie. Defendant will issue to Plaintiffs' Counsel Forms 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

27. **Released Claims:** The Settlement Class will release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and any applicable state wage statute where Plaintiffs may have worked for Defendant, including but not limited to the Ohio Minimum Fair Wage Standards Act, and applicable Pennsylvania statutes for the Released Period.

28. **Released Period:** The Released Period for Plaintiff and the Class shall mean the period between May 21, 2012 and the date the District Court enters final approval.

29. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

## APPROVAL AND DISMISSAL OF THE ACTION

30. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

31. **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

32. **Joint Motion for Approval of Settlement:** On or before February 8, 2015, the Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit D to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the form, content, and method of distribution of the notice to Eligible Settlement Participants, approving the amounts payable to Class Members and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

33. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, at Defendant's costs.

## SETTLEMENT ADMINISTRATION

34. **Contact Information for Class Members:** Within five (5) days after the District Court grants final approval of the Settlement, Defendant will provide to Plaintiffs' Counsel a spreadsheet containing the names, last known addresses, last known email addresses, and last known phone numbers, to the extent that Defendant has this information, of the Existing Opt-In Party Plaintiffs and Eligible Settlement Participants, according to records maintained by Defendant.

35. **Distribution of Notice and Consent and Release Forms:** Plaintiffs' Counsel will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via First-Class Mail and email, if available, within fourteen (14) days after the District Court grants final approval of the Settlement. Plaintiffs' Counsel will perform address updating through the National Change of Address Database before the notice is mailed. If any notices are returned as undeliverable, Plaintiffs' Counsel will advise Defendant's Counsel, and the parties will make reasonable efforts to locate the Class Members and re-send the Notices.

36. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. The Eligible Settlement Participants may return Consent and Release Forms to Plaintiffs' Counsel within thirty (30) days after the mailing of the notice. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Plaintiffs' Counsel within the thirty (30) day period to be timely.

37. **Filing of Consent and Release Forms:** Upon receipt of the executed Consent and Release Forms from Eligible Settlement Participants, Plaintiffs' Counsel will file them with the Court. Within seven (7) days after the consent period is completed, all of the Eligible Opt-In Party Plaintiffs' Consent and Release Forms must be filed with the District Court.

38. **Filing of Schedule of Individual Payments:** A Schedule of Individual Payments to the Class Members, calculated pursuant to paragraph 21, shall be filed with the Court within seven (7) days after the consent period is completed.

39. **Distribution of Individual Payments to Class Members:** Defendant will issue the Individual Payment checks payable to the Class Members in two equal installments and mail them via First-Class Mail on April 1, 2016 and July 1, 2016. The April 1, 2016 installment will be for the 1099 payments, and the July 1, 2016 installment will be for the W-2 payments. If any Individual Payment checks are returned as undeliverable to Defendant, Defendant will mail the checks to Plaintiffs' Counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks. Any checks that become lost or void during the (6) month period after each distribution will be reissued to any Class Member upon request and without charge to the Class Member.

40. **Distribution of Payments to Representative Plaintiff and Plaintiffs' Counsel**: Defendant will issue the checks payable to Representative Plaintiffs for their Individual Payments and Class Representative Payments, and a checks payable to each Plaintiffs' Counsel for the attorneys' and expenses, in two equal installments, and mail them directly to Plaintiffs' Counsel via First-Class Mail on April 1, 2016 and July 1, 2016.

41. **Unclaimed Payments:** All Individual Payments shall remain negotiable for an 8-month period after the date of each distribution.  To the extent there are any Individual Payments to any Class Members that are unclaimed or not distributed, such as undeliverable or uncashed settlement checks, Defendant will advise Plaintiffs' Counsel of such amounts.  Any amounts not cashed after eight (8) months of distribution of the settlement checks shall be retained by Defendant.

42. **Late Consent and Release Forms:** In the event Eligible Settlement Participants eSign, postmark, fax or email their Consent and Release forms after the 30-day consent period, Plaintiffs' Counsel will notify Defendant's counsel within three (3) business days.  Defendant will decide, in its sole discretion and within three (3) business days of receiving notice from Plaintiffs' Counsel, whether to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement.  If Defendant decides to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement, Plaintiffs' Counsel shall immediately file their Consent and Release forms with the Court, causing them to be bound by the Settlement and their claims to thereby be dismissed with prejudice.  Defendant will mail the appropriate Settlement Payments directly to them on the April 1, 2016 and July 1, 2016 distribution dates or within fourteen (14) days after their Consent and Release forms are filed with the Court, whichever is later.

## PARTIES' AUTHORITY

43. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

44. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

45. The Parties and Plaintiffs' Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or

encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

### NO ADMISSION OF LIABILITY

46. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

### NO ADMISSION OF CLASS LIABILITY

47. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

### CONSTRUCTION

48. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

### MODIFICATION

49. This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

### INTEGRATION CLAUSE

50. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

### BINDING ON ASSIGNS

51. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

52. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

53. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

54. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Opt-In Party Plaintiffs and distribution process.

## CLASS SIGNATORIES

55. Representative Plaintiffs execute this Settlement on behalf of themselves and in their representative capacity on behalf the Settlement Class. It is agreed that it is burdensome to have all of the Class Members execute this Agreement. This Agreement shall have the same force and effect as if each Class Member executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____  THE ESTATE OF JEREMY HANNAH

By: _____

Its: _____
Representative Plaintiff, Individually
and on Behalf of the Class Members

Dated: _____　　　KIP GREEN

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Representative Plaintiff, Individually
　　　　　　　　　　　　　　　　and on Behalf of the Class Members

Dated: _____　　　H.A.D., INC.

　　　　　　　　　　　　　　　　By:_____

　　　　　　　　　　　　　　　　Its:_____

Dated: _____　　　ANTHONY J. LAZZARO
　　　　　　　　　　　　　　　　THE LAZZARO LAW FIRM, LLC

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Attorney for Plaintiffs and the Class Members

Dated: _____　　　HANS A. NILGES
　　　　　　　　　　　　　　　　NILGES DRAHER, LLC

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Attorney for Plaintiffs and the Class Members

Dated: _____　　　THOMAS A. DOWNIE

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Attorney for Plaintiffs and the Class Members

Dated: _____　　　MICHELE L. JAKUBS
　　　　　　　　　　　　　　　　ZASHIN & RICH CO., LPA

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Attorney for Defendant

**Individual Payments to Representative Plaintiffs and Existing Opt-In Party Plaintiffs**

**Appendix 1**

### Representative Plaintiffs

| Last Name | First Name | Individual Payment |
|---|---|---|
| GREEN | KIP | $3,722.43 |
| HANNAH | JEREMY | $14,451.82 |

### Existing Opt-In Party Plaintiffs

| Last Name | First Name | Individual Payment |
|---|---|---|
| BARNES | JOSHUA | $10,549.86 |
| BELCHER | BRENDAN | $894.33 |
| BLANKENSHIP II | JERRY | $8,389.65 |
| BRUMMAGE | CHRISTOPHER | $16,460.03 |
| BUTLER | AARON | $7,576.93 |
| CRAIG | JEFFREY | $12,596.33 |
| FRAME JR | ADEN | $4,465.79 |
| HANNAHS | PAUL | $18,553.39 |
| JENKINS | DAVID | $26,041.82 |
| JOHNSTON JR | JOSEPH | $20,514.23 |
| LARRICK | RUSSELL | $5,270.33 |
| LITTLE | WILLIAM | $3,030.22 |
| LOTUT JR | LYUBOMIR | $645.84 |
| ROBINSON | DAVID | $13,265.99 |
| ROSE | ERIC | $4,282.07 |
| ROSE | ADAM | $3,181.32 |
| SAGE | JACOB | $9,833.94 |
| SAMPSON | BRANDON | $16,157.69 |
| SPAUR | AARON | $5,078.55 |
| STARCHER | JASON | $5,373.63 |
| VAUGHAN | JAMISON | $21,604.65 |
| WHITTEN | SCOTT | $10,440.37 |
| WILSON | JOSEPH | $8,768.95 |
| WORKMAN | JEFFREY | $1,983.24 |
| WORKMAN JR | PAUL | $5,070.44 |

Eligible Opt-In Party Plaintiffs

Appendix 2

| Last Name | First Name | Individual Payment |
|---|---|---|
| ABBEY | DARIUS | $1,451.69 |
| ALBAUGH JR | RICHARD | $23,646.97 |
| ALLISON | JOHN | $6,463.41 |
| ALLISON | JEREMY | $4,929.88 |
| ANGLE | CORY | $11,990.68 |
| ANGLE JR. | MICHAEL | $3,899.43 |
| ARTHUR JR | CURTIS | $330.10 |
| BAILEY | ALEXANDER | $5,837.42 |
| BEATMAN | MATHEW | $15,660.78 |
| BEATMAN | KRISTOPHER | $5,982.32 |
| BILLINGS | JOSHUA | $3,805.19 |
| BLANCHARD | JOSHUA | $11,289.45 |
| BLASENHAUER | JOSHUA | $4,704.47 |
| BLASENHAUER JR | ROBERT | $13,965.34 |
| BRATTON | JEREMY | $100.00 |
| BROWN | RAY | $1,318.45 |
| BUCK | ANDRE | $4,572.08 |
| BURGESS | BRANDON | $9,702.97 |
| BUSH | NATHAN | $6,486.67 |
| CARPENTER | ALLEN | $5,480.63 |
| CARPENTER | MICHAEL | $1,413.61 |
| CARTER | JOHN | $13,502.94 |
| CONNER | DUSTIN | $1,767.63 |
| COTTRILL | KENNY | $22,848.47 |
| DICKSON | ANTHONY | $22,631.58 |
| DOHERTY JR | JEFFERY | $1,469.77 |
| DUKE | JAMES | $100.00 |
| ELMORE | JAMES | $1,771.90 |
| EVERETT | ERIC | $1,108.91 |
| FAST | PERRY | $100.00 |
| FINCHAM | DAVID | $11,308.50 |
| FINDLEY | JOHN | $619.60 |
| FLASHER | HARRISON | $514.08 |
| GANTZ | DYLAN | $2,411.48 |
| GILLISPIE | WILLIAM | $5,882.22 |
| GOANS | STEVEN | $4,769.01 |
| GREATHOUSE JR | CHARLES | $326.62 |
| GREEN | NATHAN | $183.41 |
| HANNAHS | SCOTT | $12,668.30 |
| HAWKINS | KADEN | $4,601.58 |
| HERRON | DANIEL | $9,653.38 |
| HILLIARD | ROBERT | $507.27 |
| HODGES | JOSHUA | $18,749.17 |
| HOOVER | TYLER | $20,563.93 |

**Eligible Opt-In Party Plaintiffs**

**Appendix 2**

| Last Name | First Name | Individual Payment |
|---|---|---|
| HOOVER | KYLE | $385.32 |
| HOOVER | GEORGE | $266.96 |
| HUFFMAN | DUSTIN | $3,200.02 |
| HULL | JASON | $175.52 |
| HUPP SR | MACK | $324.74 |
| HUPP SR | KENNETH | $304.64 |
| HURSEY | ANTHONY | $2,582.38 |
| JACKSON | LEE | $11,596.56 |
| JACKSON | SEBASTIAN | $1,279.41 |
| KARL | LOGAN | $1,999.99 |
| KIGHTLINGER | TIMOTHY | $9,084.63 |
| LAUBACH | DUSTIN | $625.65 |
| LITTLE | JASON | $100.00 |
| MAPLE | RYAN | $4,156.06 |
| MARKS | ERIC | $18,058.38 |
| MARSH | ADAM | $100.00 |
| MARTIN | JOSHUA | $20,145.12 |
| MARTIN | EVERETT | $4,050.13 |
| MARTIN | RYAN | $100.00 |
| MCCLAIN | BRIAN | $4,030.89 |
| MCCUMBERS | HAROLD | $2,275.09 |
| MCENDREE | ROBERT | $100.00 |
| MILLER | PATRICK | $13,255.57 |
| MILLER | BRIAN | $673.32 |
| MILLER | DAMIAN | $413.45 |
| MIZER | ANTONIO | $1,712.94 |
| MLADEK | NATHAN | $1,678.70 |
| O'BRIEN | JESSE | $100.00 |
| PARKER | JEREMY | $5,599.06 |
| PATTERSON | TYLER | $3,383.72 |
| POTTS | JASON | $2,091.86 |
| POULIN | JAROD | $2,842.42 |
| PRIEST | MATTHEW | $1,115.46 |
| PRUITT | DOUGLAS | $100.00 |
| PUTMAN | TODD | $308.71 |
| RAYBURN | JOHN | $8,936.71 |
| REED | LINDEN | $2,963.02 |
| RHODES | WILLIAM | $2,176.33 |
| RILEY | JERRY | $1,357.67 |
| RISLEY JR. | ERIC | $9,348.16 |
| ROMERO | WILLIAM | $8,844.09 |
| SAUNDERLIN | ELI | $1,976.67 |
| SCARBERRY JR. | DONALD | $14,117.44 |
| SCHWARTZ | JARED | $2,935.33 |

**Eligible Opt-In Party Plaintiffs**
**Appendix 2**

| Last Name | First Name | Individual Payment |
|---|---|---|
| SIDDLE | JOHN | $100.00 |
| SMITH JR | WILLIAM | $13,519.46 |
| STEIN | ANDY | $3,868.35 |
| STINE | BART | $100.00 |
| SWENSON | GALEN | $2,050.38 |
| TILLEY | JASON | $3,614.01 |
| VANSICKLE | ROBERT | $3,143.80 |
| WEAVER | BRAD | $112.14 |
| WEIGAND | SPENSER | $13,230.31 |
| WHITMAN | KYLE | $100.00 |
| WHYTSELL | MATTHEW | $22,147.29 |
| WILEY | CHRISTOPHER | $1,585.48 |
| WINTROW | BRANDON | $6,251.65 |
| WRIGHT | GARY | $100.00 |
| YOUNG | JAMES | $2,103.51 |
| YOUNG | CHARLES | $1,221.79 |