## GENERAL SETTLEMENT AND RELEASE AGREEMENT

THIS AGREEMENT (the "Release Agreement") is made by and between H.A.D., Inc., together with its former, current and respective officers, commissioners, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns ("Defendant") and Kip Green ("Green").

WHEREAS, Green filed an action in the United States District Court for the Northern District of Ohio, entitled *Kip Green, et al. v. H.A.D. Inc.*, Case No. 15-cv-00498-SL, which was brought as a putative wage and hour collective action against Defendant (the "Green Action");

WHEREAS, Hannah filed an action in the United States District Court for the Southern District of Ohio, entitled *Jeremy Hannah, et al. v. H.A.D., Inc.*, Case No. 15-cv-00933, which was brought as a wage and hour collective action against Defendant (the "Hannah Action");

WHEREAS, the Hannah Action was amended to include the Green Action in United States District Court for the Southern District of Ohio, (the "Civil Action");

WHEREAS, Defendant denied and continues to deny the allegations raised in the Civil Action; and

WHEREAS, Defendant and Green mutually desire to resolve any and all disputes relating to the subject matter of the Civil Action as well as all other potential claims or disputes related to his employment with Defendant.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between Defendant and Green, (referred to together as the "Parties") as follows:

1.      <u>Mutual Release of Claims</u>.  Except as provided below, Green hereby promises not to sue, and fully waives, discharges, and releases any and all claims, charges, demands, causes of actions, or suits at law or in equity, relating to or arising out of his employment with Defendant, of whatever nature, known or unknown, that he may have had against Defendant, its parent, subsidiary and affiliated companies, and in the case of all such entities, their respective past and present officers, directors, employees, agents, attorneys, insurers, predecessors, shareholders, partners, successors, assigns, heirs, executors and administrators (collectively referred to as the "Defendant Released Parties"), as a result of any actions or omissions, known or unknown, occurring through the date execute this Release Agreement, and not for any future claims, subject to the provisions set forth below.

Specifically included in this waiver and release are (1) all claims that Green may have or claim to have arising out of or resulting from his employment with Defendant and all contractual or quasi contractual rights or claims arising from his employment; (2) any and all claims for unpaid wages or unpaid overtime compensation, including claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, et seq., Pennsylvania wage-and-hour statutes, and/or any other federal, state, or local statute, common law, or regulation, including, but not limited to the Employee Retirement

**Exhibit C**

Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"); (3) all claims, including administrative charges, court claims, or otherwise, for violation of any rights under any federal, state, or local statute, regulation or ordinance, including, but not limited to, wrongful discharge claims and claims of discrimination of every kind, including claims of age discrimination under the Age Discrimination in Employment Act (ADEA) or any other statute, and claims under all other federal, state, and local statutes, rules, regulations, ordinances, orders or common law principles; and (4) all claims that were asserted or could have been asserted in the Civil Action, including all collective or class claims and all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Civil Action, and any claims challenging the practices that gave rise to the claims asserted in the Civil Action. Green understands that this release includes all claims that relate to his employment with Defendant, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.

This Agreement does not include, and Green does not waive, any rights or claims which: (1) may arise after the signing of this Agreement and (2) any and all rights that cannot be released by law, including but not limited to the right to file a charge or participate in an investigation with certain administrative agencies. Green agrees, however, to waive any monetary or other personal relief based on such a charge.

Defendant hereby fully waives, discharges, and releases any and all claims relating to or arising out of Green's employment with Defendant that Defendant may have against Green, his heirs, executors and administrators as a result of actions or omissions occurring through the date Defendant executes this Release Agreement.

2.    Green represents that he will not file or join in any action, charge, claim, complaint, lawsuit, or proceeding of any kind against the Defendant Released Parties with respect to any claim that is released in this Agreement, including any matter arising out of or in connection with his employment with the Defendant Released Parties. Green represents that he has not filed any complaints, claims, or actions against any of the Defendant Released Parties with any state, federal, or local agency or court, other than the Green Action and the Civil Action. Green acknowledges and agrees that he has been properly paid for all hours worked for which a claim has not been made in the Green Action or Civil Action and that he has not suffered any on-the-job injury for which he has not already filed a claim.

Should Green file or join in any action, claim, complaint, lawsuit, or proceeding of any kind against any of the Defendant Released Parties, based on any claim that he has released, or should such an action, claim, complaint, lawsuit, or proceeding be filed on his behalf, Green agrees to withdraw, dismiss, or cause to be withdrawn or dismissed, with prejudice, any such action, claim, complaint, lawsuit, or proceeding of any kind that is pending in any federal, state, or local agency or court. If Green breaks this promise and files or joins in any action, claim, complaint, lawsuit, or proceeding based on any claim that he has released, then, he will pay for

all costs that any Defendant Released Party incurs in defending against the claim, including reasonable attorney fees, unless such a remedy is prohibited by law.

       3.      Green agrees that the circumstances surrounding his relationship with H.A.D., Inc. are unique, that irreconcilable differences have arisen between Green and H.A.D., Inc., and that, as a result, Green will never be qualified to hold any position at H.A.D., Inc.  For that reason, Green agrees never to seek re-employment with H.A.D., Inc., or with any entity affiliated with H.A.D., Inc.  If Green breaks this promise, then H.A.D., Inc. (or its affiliated company) may deny Green employment based on this Agreement.  However, should H.A.D., Inc. acquire any entity or facility that employs Green, Green will have the same rights as any other employee.

       4.      In consideration for signing this Release Agreement and the fulfillment of the promises herein, Green understands that within the time period provided in the Joint Stipulation of Settlement and Release, Defendant will pay to Green the gross sum of Twenty Thousand Dollars ($20,000.00).  This payment shall constitute the sole and exclusive consideration for and settlement in full accord and satisfaction of any and all claims of any nature whatsoever by Green against Defendant Released Parties.  Green agrees that the entire consideration provided to him is as described in this Release Agreement and that he will not seek any further compensation for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Release Agreement. An IRS form 1099 shall be issued to Green reflecting this payment.  Green expressly acknowledges and that he is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments described in this paragraph 3, and Green hereby warrants that that Defendant Released Parties shall bear no responsibility for any such tax liabilities and agrees to indemnify and hold Defendant Released Parties harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against Defendant Released Parties for any amounts claimed due on account of this Release Agreement or pursuant to claims made under any federal or state tax laws related to the settlement payment to each. Green shall also be fully bound by the release in the Joint Stipulation of Settlement and Release and shall be eligible for an Individual Payment as set forth in that agreement.

       5.      This Release Agreement together with the Joint Stipulation of Settlement and Release constitutes the entire agreement between the Parties regarding the subject matter therein. The Parties agree that neither this Release Agreement nor the Joint Stipulation of Settlement and Release are binding upon either Party, and no payment is due under paragraph 3, until and unless the Court in the Hannah Action approves the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice and dismisses the Hannah Action with prejudice.  No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Green and Defendant.  The Joint Stipulation of Settlement and Release cannot be amended, changed, altered, or modified except in accordance with paragraph 49 of the Joint Stipulation of Settlement and Release.

       6.      Green acknowledges that no representation, promise or inducement has been made other than as set forth in this Release Agreement and the Joint Stipulation of Settlement and Release, and that he enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Joint Stipulation of

Settlement and Release.  Green also acknowledges that he has had the opportunity to consult with an attorney of his choosing concerning this Release Agreement and that he has read and understands this Release Agreement, is fully aware of its legal effect, and has entered into it knowingly and voluntarily.

7.      Green acknowledges and agrees that the payments offered under the terms of this Release Agreement and the Joint Stipulation of Settlement and Release represent valuable consideration.

8.      Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions.  In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

9.      The language of all parts of this Release Agreement shall in all cases be construed as a whole, according with its fair meaning, and not strictly for or against any of the parties. This Release Agreement may be executed by the parties in separate counterparts, with the same effect as if the parties had signed the same document.  All such counterparts shall be deemed an original, shall be construed together, and shall constitute one and the same document.  A facsimile or scanned signature shall be deemed an original signature.

10.      This Release Agreement shall be binding upon the Parties and their respective heirs, representatives, successors, transferees and assigns.

11.      This Release Agreement shall be interpreted in all respects by the internal laws of the State of Ohio without reference to conflicts of laws principles.

12.      The settlement reflected in the Joint Stipulation of Settlement and Release and this Release Agreement shall not in any way be construed as an admission by the Defendant Released Parties of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied.

I HEREBY ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS RELEASE AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS AND THAT I EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY:


Dated: _____            KIP GREEN


_____

4

H.A.D., INC. HEREBY ACKNOWLEDGES THAT IT HAS CAREFULLY READ THIS RELEASE AGREEMENT AND KNOWS AND UNDERSTANDS THE CONTENTS AND THAT IT EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY THROUGH THE UNDERSIGNED REPRESENTATIVE.


Dated: _____          H.A.D., INC.


                                              By:_____


                                              Its:_____

## GENERAL SETTLEMENT AND RELEASE AGREEMENT

THIS AGREEMENT (the "Release Agreement") is made by and between H.A.D., Inc., together with its former, current and respective officers, commissioners, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns ("Defendant") and the Estate of Jeremy Hannah ("Hannah").

WHEREAS, Green filed an action in the United States District Court for the Northern District of Ohio, entitled *Kip Green, et al. v. H.A.D. Inc.*, Case No. 15-cv-00498-SL, which was brought as a putative wage and hour collective action against Defendant (the "Green Action");

WHEREAS, Hannah filed an action in the United States District Court for the Southern District of Ohio, entitled *Jeremy Hannah, et al. v. H.A.D., Inc.*, Case No. 15-cv-00933, which was brought as a wage and hour collective action against Defendant (the "Hannah Action");

WHEREAS, the Hannah Action was amended to include the Green Action in United States District Court for the Southern District of Ohio, (the "Civil Action");

WHEREAS, Defendant denied and continues to deny the allegations raised in the Civil Action; and

Whereas, Defendant and Hannah mutually desire to resolve any and all disputes relating to the subject matter of the Civil Action as well as all other potential claims or disputes related to his employment with Defendant.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between Defendant and Hannah, (referred to together as the "Parties") as follows:

1.      Mutual Release of Claims.  Except as provided below, Hannah hereby promises not to sue, and fully waives, discharges, and releases any and all claims, charges, demands, causes of actions, or suits at law or in equity, relating to or arising out of his employment with Defendant, of whatever nature, known or unknown, that he may have had against Defendant, its parent, subsidiary and affiliated companies, and in the case of all such entities, their respective past and present officers, directors, employees, agents, attorneys, insurers, predecessors, shareholders, partners, successors, assigns, heirs, executors and administrators (collectively referred to as the "Defendant Released Parties"), as a result of any actions or omissions, known or unknown, occurring through the date execute this Release Agreement, and not for any future claims, subject to the provisions set forth below.

Specifically included in this waiver and release are (1) all claims that Hannah may have or claim to have arising out of or resulting from his employment with Defendant and all contractual or quasi contractual rights or claims arising from his employment; (2) any and all claims for unpaid wages or unpaid overtime compensation, including claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, et seq., and/or any other federal, state, or local statute, common law, or regulation, including, but not limited to the Employee Retirement Income Security Act of 1974,

29 U.S.C. §§ 1001, et seq. ("ERISA"); (3) all claims, including administrative charges, court claims, or otherwise, for violation of any rights under any federal, state, or local statute, regulation or ordinance, including, but not limited to, wrongful discharge claims and claims of discrimination of every kind, including claims of age discrimination under the Age Discrimination in Employment Act (ADEA) or any other statute, and claims under all other federal, state, and local statutes, rules, regulations, ordinances, orders or common law principles; and (4) all claims that were asserted or could have been asserted in the Civil Action, including all collective or class claims and all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Civil Action, and any claims challenging the practices that gave rise to the claims asserted in the Civil Action. Hannah understands that this release includes all claims that relate to his employment with Defendant, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.

This Agreement does not include, and Hannah does not waive, any rights or claims which: (1) may arise after the signing of this Agreement and (2) any and all rights that cannot be released by law, including but not limited to the right to file a charge or participate in an investigation with certain administrative agencies. Hannah agrees, however, to waive any monetary or other personal relief based on such a charge.

Defendant hereby fully waives, discharges, and releases any and all claims relating to or arising out of Hannah's employment with Defendant that Defendant may have against Hannah, his heirs, executors and administrators as a result of actions or omissions occurring through the date Defendant executes this Release Agreement.

2.      Hannah represents that he will not file or join in any action, charge, claim, complaint, lawsuit, or proceeding of any kind against the Defendant Released Parties with respect to any claim that is released in this Agreement, including any matter arising out of or in connection with his employment with the Defendant Released Parties. Hannah represents that he has not filed any complaints, claims, or actions against any of the Defendant Released Parties with any state, federal, or local agency or court, other than the Hannah Action and the Civil Action. Hannah acknowledges and agrees that he has been properly paid for all hours worked for which a claim has not been made in the Hannah Action or Civil Action and that he has not suffered any on-the-job injury for which he has not already filed a claim.

Should Hannah file or join in any action, claim, complaint, lawsuit, or proceeding of any kind against any of the Defendant Released Parties, based on any claim that he has released, or should such an action, claim, complaint, lawsuit, or proceeding be filed on his behalf, Hannah agrees to withdraw, dismiss, or cause to be withdrawn or dismissed, with prejudice, any such action, claim, complaint, lawsuit, or proceeding of any kind that is pending in any federal, state, or local agency or court. If Hannah breaks this promise and files or joins in any action, claim, complaint, lawsuit, or proceeding based on any claim that he has released, then, he will pay for all costs that any Defendant Released Party incurs in defending against the claim, including reasonable attorney fees, unless such a remedy is prohibited by law.

3.      In consideration for signing this Release Agreement and the fulfillment of the promises herein, Hannah understands that within the time period provided in the Joint Stipulation of Settlement and Release, Defendant will pay to Hannah's estate, the gross sum of Five Thousand Dollars ($5,000.00).  This payment shall constitute the sole and exclusive consideration for and settlement in full accord and satisfaction of any and all claims of any nature whatsoever by Hannah against Defendant Released Parties.  Hannah agrees that the entire consideration provided to him is as described in this Release Agreement and that he will seek any further compensation for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Release Agreement. An IRS form 1099 shall be issued to Hannah reflecting this payment.  Hannah expressly acknowledges and that he is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments described in this paragraph 3, and Hannah hereby warrants that that Defendant Released Parties shall bear no responsibility for any such tax liabilities and agrees to indemnify and hold Defendant Released Parties harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against Defendant Released Parties for any amounts claimed due on account of this Release Agreement or pursuant to claims made under any federal or state tax laws related to the settlement payment to each. Hannah shall also be fully bound by the release in the Joint Stipulation of Settlement and Release and shall be eligible for an Individual Payment as set forth in that agreement.

4.      This Release Agreement together with the Joint Stipulation of Settlement and Release constitutes the entire agreement between the Parties regarding the subject matter therein. The Parties agree that neither this Release Agreement nor the Joint Stipulation of Settlement and Release are binding upon either Party, and no payment is due under paragraph 3, until and unless the Court in the Hannah Action approves the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice and dismisses the Hannah Action with prejudice. No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Hannah and Defendant.  The Joint Stipulation of Settlement and Release cannot be amended, changed, altered, or modified except in accordance with paragraph 49 of the Joint Stipulation of Settlement and Release.

5.      Hannah acknowledges that no representation, promise or inducement has been made other than as set forth in this Release Agreement and the Joint Stipulation of Settlement and Release, and that he enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Joint Stipulation of Settlement and Release.  Hannah also acknowledges that he has had the opportunity to consult with an attorney of his choosing concerning this Release Agreement and that he has read and understands this Release Agreement, is fully aware of its legal effect, and has entered into it knowingly and voluntarily.

6.      Hannah acknowledges and agrees that the payments offered under the terms of this Release Agreement and the Joint Stipulation of Settlement and Release represent valuable consideration.

7.      Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions.  In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

8.      The language of all parts of this Release Agreement shall in all cases be construed as a whole, according with its fair meaning, and not strictly for or against any of the parties. This Release Agreement may be executed by the parties in separate counterparts, with the same effect as if the parties had signed the same document.  All such counterparts shall be deemed an original, shall be construed together, and shall constitute one and the same document.  A facsimile or scanned signature shall be deemed an original signature.

9.      This Release Agreement shall be binding upon the Parties and their respective heirs, representatives, successors, transferees and assigns.

10.     This Release Agreement shall be interpreted in all respects by the internal laws of the State of Ohio without reference to conflicts of laws principles.

11.     The settlement reflected in the Joint Stipulation of Settlement and Release and this Release Agreement shall not in any way be construed as an admission by the Defendant Released Parties of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied.

I HEREBY ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS RELEASE AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS AND THAT I EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY:


Dated: _____          THE ESTATE OF JEREMY HANNAH


                                 By: _____

                                 Its: _____

H.A.D., INC. HEREBY ACKNOWLEDGES THAT IT HAS CAREFULLY READ THIS RELEASE AGREEMENT AND KNOWS AND UNDERSTANDS THE CONTENTS AND THAT IT EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY THROUGH THE UNDERSIGNED REPRESENTATIVE.


Dated: _____          H.A.D., INC.


                                    By:_____

                                    Its:_____